IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dianne E. Turner, an individual; CZT, a minor, by Dianne E. Turner, his parent and natural guardian; BHNT, a minor, by Dianne E. Turner, her parent and natural guardian; and ARMT, a minor, by Dianne E. Turner, her parent and natural guardian,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Save the Family Foundation of Arizona, an Arizona corporation, and David W. Rowe, an individual,<br><br>　　　　　Defendant. | No. 06-1557-PHX-EHC<br><br>**ORDER** |

Pending before the Court is Plaintiff's "Motion Requesting the Modification of the Scheduling Order and To Join Defendant PRS Property Management, L.L.C., and Leave to Amend Complaint" ("Motion to Amend").  (Dkt. 30).

**A. Background**

Plaintiffs filed a Complaint against Defendants Save the Family Foundation of Arizona ("Save the Family") and David W. Rowe ("Defendant Rowe") on June 16, 2006, alleging violations of the McKinney Act (42 U.S.C. § 11389, *et seq*), the Fair Housing Act (42 U.S.C. § 3601, *et seq*), and the Arizona Fair Housing Act (A.R.S. § 41-1491, *et seq*), as well as both intentional and negligent infliction of emotional distress.  (Dkt. 1). Pursuant to a scheduling conference held on November 6, 2006, the Court entered a

1 Scheduling Order setting January 8, 2007 as the final date to file "motions pursuant to
2 Fed.R.Civ.P. 12(b) and motions to amend the complaint to join additional parties...."
3 (Dkt. 22).

### B. Modification of the Scheduling Order

Federal Rule of Civil Procedure 16 provides that after the Court enters a scheduling order, but before a final pretrial conference, "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge...." *See* Fed.R.Civ.P. 16(b), (c).  The Ninth Circuit has noted that "[u]nlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (quoting Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment)) (other citations omitted).  The Ninth Circuit found that "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. *If that party was not diligent, the inquiry should end*." *Johnson*, 975 F.2d at 609 (citations omitted) (emphasis added).

Plaintiffs' claim that "Defendant Rowe . . . disclosed for the first time [on February 12, 2007] . . . that a property management company called PRS Property Management L.L.C. had direct contact with Defendant Save the Family on his behalf,"  (Dkt. 30, p. 2) and Plaintiffs argue that they "did not fail to heed the signals that all of the necessary parties were not named in the complaint." (Dkt. 30, p. 4).  Plaintiffs argue that good cause exists for the court to modify the pretrial schedule:

> First, the Defendants failed to disclose PRS's relationship with the Defendants in all pre-litigation communications with Plaintiffs.  Second, Defendant Rowe's answer to the complaint did not mention PRS and offered no affirmative defenses that there may be another party responsible for the actions alleged to have been committed by Defendant Rowe. . . .

- 2 -

> Third, the Joint Proposed Case Management Plan filed with the court on October 24, 2006, did not alert the Plaintiffs to the purported role of PRS Property Management in this litigation either. . . . Fourth, both Defendants failed to mention the alleged relationship between PRS and Save the Family in their Initial Disclosures.  Fifth, counsel for the Defendant Rowe participated in the deposition of the Plaintiff Dianne E. Turner by telephone on December 18, 2006 . . . [but n]o questions were asked of the plaintiff which raised PRS['s] direct role in the litigation nor were there any attempts to impose liability upon PRS rather than Defendant Rowe. . . . Finally, only after this Court's deadline to add parties and after seven months from being served the summons and complaint on July 3, 2006, Defendant Rowe disclosed the alleged role of PRS on February 12, 2007 [sic] in his letter to Plaintiffs.  *Plaintiffs had no way of knowing the Defendant's relationship with PRS before this time*.

(Dkt. 30 p. 4) (emphasis added).  Plaintiffs allege that after receiving Defendant Rowe's letter on February 12, 2007, they acted diligently, and that such diligence meets the "good cause" standards established in *Johnson*, 975 F.2d at 609; (See Dkt 30, pp. 4-6. The Court agrees.

While Defendant Rowe listed various correspondences between PRS and Save the Family in his Initial Disclosure, filed pursuant to Fed.R.Civ.P. 26(b), the Court is not convinced that a lack of diligence should be attributed to Plaintiffs.  (Dkt. 31). Defendants assert that the Plaintiffs knew, "no later than October 24, 2006 (the initial disclosure date) that PRS was the managing agent for David Rowe."[1]  (Dkt. 31, p. 5). Plaintiffs do not contend otherwise, but instead argue that "it was not the known business relationship that existed between PRS and Defendant Rowe which triggered the filing of [Plaintiffs'] motions," (Dkt. 34, pp. 3-4) but instead was information provided by Defendant Rowe on February 12, 2007, which "suggest[ed] that . . . Defendant Rowe did not communicate with Defendant Save the Family or participate directly in unlawful discrimination."  *Id*. at 4.  Prior to Defendant Rowe's February 12, 2007 letter, there was no information available to Plaintiffs which should have alerted them to the role of PRS as later alleged by Defendant Rowe.

---

[1] The Court attributes arguments and defenses to both Defendants, as Defendant Save the Family joined Defendant Rowe's Response to Plaintiffs' Motion.  (Dkt. 32).

1   Furthermore, after discovering the possible significance of the relationship
2   between PRS and Defendants Save the Family and Rowe on February 12, 2007, Plaintiffs
3   revised their Request for Admissions for Defendant Save the Family, and served them
4   less than two weeks later, on February 23, 2007.  (Dkt. 30, p. 5).   Prior to receiving the
5   responses, Plaintiffs requested a stipulation from Defendants allowing Plaintiffs to amend
6   the Complaint to add PRS as a party; Defendants refused to stipulate.  *Id*.  Plaintiffs
7   received Save the Family's responses to Plaintiffs' revised Request for Admissions on
8   April 12, 2007, and filed their Motion to Modify the Scheduling Order on April 27, 2007.
9   *Id*.  Thus, Plaintiffs' lack of knowledge regarding the relationship between PRS and
10  Defendants Save the Family and Rowe prior to Defendant Rowe's letter of February 12,
11  2007, may not be attributed to a lack of diligence, and Plaintiffs' diligence after the
12  disclosure is sufficient to meet Rule 16's 'good cause' requirement.[2]

### C. Motion to Amend Complaint

Plaintiffs request leave to amend their Complaint pursuant to Federal Rule of Civil Procedure 15(a).  (Dkt. 30).

Fed.R.Civ.P. 15(a) provides, in relevant part, that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  While the grant or denial of a motion to amend is within the discretion of the district court, *Swanson v. U.S. Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), the Supreme Court has held that

> [i]n the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given."

---

[2]While Defendants claim that they would be prejudiced by "any amendment," (Dkt. 31, p. 6), the fact that Defendants have deposed Dianne Turner and responded to "hundreds of Requests to Admit" does not prejudice Defendants with regard to the addition of another party.

- 4 -

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962).  Noting that these factors should not be given equal weight, the Ninth Circuit has recognized that "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend.  'Only where prejudice is shown or the movant acts in bad faith are courts protecting the judicial system or other litigants when they deny leave to amend a pleading.'" *U.S. v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981) (quoting *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973)).

While there was delay in the filing of Plaintiff's Motion to Amend, as the Court has discussed, such delay was not undue.  Furthermore, the Court finds no bad faith or dilatory motive on the part of the movant; there have been no previous amendments to the complaint, and allowing Plaintiffs to amend the complaint does not unduly prejudice Defendants.  Thus the final question the Court must consider is whether an amendment would be futile.

Defendants argue that the Plaintiffs' proposed amendment would be futile for two reasons: first, Defendants argue that "[t]he statute of limitations for Fair Housing Act matters is 2 years; that statute has run against Plaintiffs and in favor of PRS Property Management." (Dkt. 31, p. 5, n.1) (citing 42 U.S.C. § 3613).  Second, Defendants argue that "[t]ermination of a month to month lease, in Arizona, does not require a reason" (Dkt. 31, p. 5) and, regardless, the Plaintiffs did not sign a lease with Defendant Rowe and thus "[u]pon termination of the lease with Save the Family, plaintiffs had no right to remain in the leasehold against the wishes of the landlord, Mr. Rowe." *Id.*

Plaintiffs argue that the claims in the amended complaint would relate back to PRS (Dkt. 30, pp. 7-8; Dkt. 34, p. 4).[3]

Federal Rule of Civil Procedure 15(c) states, in relevant part:

An amendment of a pleading relates back to the date of the original pleading when

---

[3]Defendants' second defense does not suggest a reason why permitting Plaintiffs to amend the Complaint to add *PRS* as a party would be futile.

- 5 -

> . . .
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Because Plaintiffs ask leave to add a party to their complaint and not to add new or modified claims, there is no doubt that "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, thus easily meeting the requirements of Section 2.

Furthermore, Plaintiff has made a prima facie showing that PRS had knowledge of the action within the period provided by Rule 4(m) for service of the summons and complaint:

> On June 19, 2006, Plaintiffs' Complaint was properly filed with the court. Thus, the cutoff . . . date for the Plaintiffs to establish that PRS received notice of the institution of the action under Rule 4(m) would have been October 17, 2006 . . . . Defendant Rowe's Initial Disclosure statement identifies . . . Kara Jo White, an employee of PRS [as a witness Defendant Rowe expected to call at trial].  Ms. White is the same person who, acting as the property manager for Defendant Rowe, issued a termination notice to the Plaintiffs as directed by the Defendant Rowe on June 22, 2004. Therefore, it is reasonable to assume that Defendant Rowe, before filing his answer t othe complaint on September 20, 2006 . . . notified PRS of the Complaint.  It is even more reasonable that PRS had received notification of the pending suit during the preparation of Defendant Rowe's Initial Disclosure which was filed with the Court on October 24, 2006.  In [his] Initial Disclosure . . . Defendant Rowe made the statement that, "All of the following documents are located in the PRS Property Management file.  No other documents are known to be in the possession of Defendant Rowe." Thus, by Defendant Rowe's own admission, PRS had obviously been in communication with Defendant Rowe and had received notification of the institution of the action within the 120-day period provided by Rule 4(m).

(Dkt. 30, p. 8).  As Defendants do not dispute Plaintiffs' assertions, and the Court finds that PRS would not be prejudiced in maintaining a defense on the merits, considering the fact, among others, that PRS's managing agent was listed to testify at trial as Defendant Rowe's witness, Fed.R.Civ.P. 15(c)(3)(A) is deemed met.

- 6 -

1  Plaintiffs finally claim that PRS knew or should have known that, but for a mistake
2 concerning the identity of the proper party, the action would have been brought against it.
3 (Dkt. 30, p. 10).  Defendants respond that "there was no 'mistake' in failing to name PRS
4 . . . . It was a choice made . . . by the Plaintiffs' counsel because of lack of diligence in
5 analyzing information he received first, prior to suit, and again, later, in Rowe's Initial
6 Disclosure."  (Dkt. 31).  As the Court already rejected this argument, discussion of the
7 claim is unnecessary.  Based upon the Plaintiffs' allegations against Defendants Rowe
8 and Save the Family, and Defendant Rowe's claim that he "had no conversation directly
9 with Save the Family," (Dkt. 30, p. 2), upon learning of the suit, PRS should have been
10 aware that "but for the mistake of not identifying PRS earlier, [Plaintiffs] would have . . .
11 included [the company] in the original Complaint."  (Dkt. 30, p. 10).  Therefore, the Court
12 finds that Plaintiffs have satisfied the requirements of Fed.R.Civ.P. 15(c)(3)(B).
13  Having considered Fed.R.Civ.P. 15(c)(2), Fed.R.Civ.P. 15(c)(3)(A), and
14 Fed.R.Civ.P. 15(c)(3)(B), the Court finds that Plaintiffs' proposed amendment relates
15 back to the date of the original pleading, and thus is not futile.
16 Accordingly,
17 **IT IS ORDERED** that Plaintiffs' Motion to Amend (Dkt. 30) is **GRANTED** with
18 an Amended Complaint to be filed within ten (10) days of the date of this Order.

20 DATED this 26th day of June, 2007.

*/s/ Earl H. Carroll*
Earl H. Carroll
United States District Judge